UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALBERTA ROSE JONES,<br>and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM BARR et al.,<br><br>    Defendants. | Case No. CIV-19-1056-G |

### ORDER

Plaintiff Alberta Rose Jones, appearing pro se, initially filed this purported class action in the District Court of Oklahoma County, Oklahoma, asserting claims against various federal and state actors for violation of her adult son's constitutional rights. *See* Pet. (Doc. No. 1-3). Specifically, Plaintiff alleges that her son was "unlawfully charged and incarcerated for many months in the Oklahoma County Jail," where he was subjected to "unlawful treatment" and forced to endure "dangerous, inhumane, and degrading conditions." *Id.* at 1-2. Defendant William Barr—the only defendant who appears to have been served with process—removed the action to this Court on November 15, 2019.

Even construed liberally, Plaintiff does not assert any cause of action on her own behalf. Her claims are instead asserted for violations committed against her adult son and a purported class of similarly situated individuals. *See* Pet. at 2-5.

It is well settled that, subject to exceptions not applicable here, "[a] litigant may bring [her] own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Plaintiff has

been informed of this point previously. *Jones v. Bowers*, No. CIV-17-727-R, 2017 WL 4334238, at *2 (W.D. Okla. July 28, 2017) (emphasis omitted) (citing *Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007)), *aff'd*, 737 F. App'x 846 (10th Cir. 2018); *see also Jones v. Def. Health Agency*, No. CIV-17-108-F (W.D. Okla. June 21, 2017) (order).  Further, "[t]he rule against pro se representation of others is particularly important in class actions because class litigation must comply with the complex and demanding requirements of Rule 23 of the Federal Rules of Civil Procedure." *Ransom v. U.S. Postal Serv.*, 170 F. App'x 525, 529 (10th Cir. 2006). Because Plaintiff cannot represent her son or the purported class members in this lawsuit, the Court concludes that this action should not proceed further until it is decided whether counsel will be retained and enter an appearance for Plaintiff's son and for the purported class plaintiffs. *See Jones v. Def. Health Agency*, No. CIV-17-108-F (W.D. Okla).

## CONCLUSION

Accordingly, Plaintiff Alberta Rose Jones is GRANTED 30 days from the date of this Order to retain counsel on behalf of her adult son and on behalf of the purported class members identified in the pleading and to have counsel enter their appearance in this matter on their behalf. If counsel has not entered an appearance on their behalf within 30 days, the Court shall dismiss the claims raised herein without prejudice.

IT IS SO ORDERED this 10th day of August, 2020.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge

2