## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALBERTA ROSE JONES,** | ) | |
| **and those similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-1056-G** |
| | ) | |
| **WILLIAM BARR et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff Alberta Rose Jones, appearing pro se, initiated this purported class action against various federal and state actors for violation of her adult son's constitutional rights. *See* Pet. (Doc. No. 1-3). For the reasons discussed herein, the Court determines that this action should be dismissed.

### I.      *Standard of Decision*

Although courts construe pro se litigants' pleadings liberally, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). "The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . , a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing

him an opportunity to amend his complaint would be futile." *Id.* at 1109-1110 (internal quotation marks omitted).

Further, a Court may dismiss an action sua sponte under Rule 41(b) of the Federal Rules of Civil Procedure if the plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."); *Barnes v. U.S. Dist. Ct.*, 815 F. App'x 295, 297-98 (10th Cir. 2020) (explaining that a district court "need not follow any particular procedures" when dismissing an action without prejudice under Rule 41(b) for failure to comply with a court order (internal quotation marks omitted)).

II.   *Discussion*

In her pleading, Plaintiff alleges that the constitutional rights of her developmentally disabled adult son were violated while he was incarcerated in Oklahoma County. *See* Pet. (Doc. No. 1-3) at 2-5. She additionally claims that her son was "unlawfully charged and incarcerated." *Id.* at 2. Plaintiff's son, however, is not a named plaintiff in this matter. And despite Plaintiff's apparent intent to raise claims on her son's behalf, neither the case caption nor the body of the pleading indicates that Plaintiff has the legal capacity to sue on his behalf. *See* Fed. R. Civ. P. 17(a), (c).

"[A] litigant in federal court is required to establish its own injury in fact." *Nat'l Council for Improved Health v. Shalala*, 122 F.3d 878, 882 (10th Cir. 1997). Even under a liberal construction, the pleading contains no facts suggesting that Plaintiff is, herself,

entitled to relief. Because Plaintiff has failed to plausibly allege any claim that would entitle her to relief, Plaintiff's pleading is subject to dismissal. *See id.* ("[A] litigant may invoke only its own constitutional rights and may not assert rights of others not before the court.").

In this respect, the Court further finds that amendment of the pleading would be futile, as the infirmities of the pleading lie not merely in technical errors or insufficient facts, but in the complete absence of claims personal to Plaintiff. *See Hall*, 935 F.2d at 1110 ("[T]he plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."); *Jones v. Adams*, No. CIV-19-979-J, 2020 WL 236740, at *3 (W.D. Okla. Jan. 15, 2020) ("Though a district court generally should allow leave to amend when a pro se plaintiff is close to stating a claim but is not quite there, here [Plaintiff Alberta Jones] is not close." (citation omitted)).

Moreover, even assuming that Plaintiff has the legal authority to bring claims on her son's behalf, amendment of the pleading to resolve the issue would be futile. By Order dated August 10, 2020, the Court advised Plaintiff that she could not bring suit on behalf of others without the assistance of counsel.[1] *See* Order of Aug. 10, 2020 (Doc. No. 10); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant

---

[1] This Court has repeatedly notified Plaintiff that she lacks authority to appear *pro se* on behalf of her son. *See Jones v. Bowers*, CIV-17-727-R, 2017 WL 4334238, at *2 (W.D. Okla. July 28, 2017), *aff'd*, 737 F. App'x 846 (10th Cir. 2018); *Jones v. Propstone LLC*, CIV-17-614-R, 2017 WL 2958633, at *1 (W.D. Okla. July 11, 2017), *aff'd*, 726 F. App'x 718 (10th Cir. 2018); *Jones v. Defense Health Agency*, No. CIV-17-108-F (W.D. Okla. June 21, 2017) (Order).

may bring his own claims to federal court without counsel, but not the claims of others."); *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299-1300 (10th Cir. 2011) (discussing the general rule that parents may not litigate claims pro se on behalf of their children); *Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys."); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (same); *see also Ransom v. U.S. Postal Serv.*, 170 F. App'x 525, 529 (10th Cir. 2006) ("The rule against pro se representation of others is particularly important in class actions because class litigation must comply with the complex and demanding requirements of Rule 23 of the Federal Rules of Civil Procedure."); *Fymbo*, 213 F.3d at 1321 (explaining that class representatives cannot appear pro se).

The Court granted Plaintiff until October 2, 2020, to retain counsel on behalf of her adult son and on behalf of the purported class members identified in the pleading. *See* Order of Aug. 10, 2020 at 2; Order of Sept. 2, 2020 (Doc. No. 12) at 1 (granting extension of time). As of this date, no counsel has entered an appearance on their behalf. Plaintiff has now requested a second extension of time for an additional 30 days. *See* Pl.'s Mot. (Doc. No. 13) at 1, 4; Def. Barr's Resp. (Doc. No. 14). The Court denies this request. Plaintiff had nearly 60 days to comply with the Court's Order, and in granting Plaintiff's first request for an extension of time, the Court specifically advised that "[n]o further extensions [would] be contemplated absent exceptional circumstances." Order of Sept. 2, 2020 at 1. Plaintiff was further advised that the Court would dismiss this matter without

prejudice if counsel had not entered an appearance within the time prescribed. *See* Order of Aug. 10, 2020 at 2; Order of Sept. 2, 2020 at 1.

Finally, Plaintiff is subject to filing restrictions in this judicial district. *See Jones v. Jones*, No. CIV-18-1171-HE (W.D. Okla. Jan. 7, 2019) (Order); *Jones v. Jones*, No. CIV-18-1193-HE (W.D. Okla. Jan. 7, 2019) (Order). Those restrictions prohibit Plaintiff from "bring[ing] any civil action" in this Court "unless she is represented by a licensed attorney or first obtains permission to proceed *pro se*."[2] *Id.* at 2. To the extent the filing restrictions may apply to removed actions, the Court notes that Plaintiff has obtained neither counsel nor this Court's permission to proceed without representation. *See Jones*, 2020 WL 236740, at *3.

## CONCLUSION

For the reasons discussed herein, this action is DISMISSED without prejudice for failure to state a claim upon which relief can be granted and for failure to comply with the Court's Order of August 10, 2020. *See* Fed. R. Civ. P. 12(b)(6), 41(b). Defendant Barr's Motion to Dismiss (Doc. No. 9) is DENIED as moot. Plaintiff's Motion (Doc. No. 13) seeking an extension of time is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 17th day of November, 2020.

CHARLES B. GOODWIN
United States District Judge

---

[2] The filing restrictions against Plaintiff were recently upheld by the Tenth Circuit in *Jones v. Jones*, 820 F. App'x 659 (10th Cir. 2020).